UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| N.R., by and through his parents and guardians, S.R. and T.R., individually and on behalf of all others similarly situated, and derivatively on behalf of the Raytheon Health Benefits Plan,<br><br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY; RAYTHEON HEALTH BENEFITS PLAN; and WILLIAM M. BULL,<br><br>Defendants. | Civil Action No. 1:20-cv-10153-RGS |

### ORDER CERTIFYING SETTLEMENT CLASS
### AND APPOINTING SETTLEMENT CLASS REPRESENTATIVES
### AND CLASS COUNSEL

#### I. FINDINGS

Upon consideration of Plaintiff's Unopposed Motion for Settlement Class Certification (Dkt. No. 47); the Declaration of Eleanor Hamburger and all exhibits; the Declarations of T.R. and S.R., and the records and pleadings in this matter, and in accordance with the Parties' Settlement Agreement dated August 12, 2022 (Dkt. No. 44-1), which sets forth the terms and conditions for a proposed settlement of the Action, the Court makes the following findings:

1. Even a class certified solely for purposes of settlement must comply with the requirements of Fed. R. Civ. P. 23.

2. Consistent with the terms of the Settlement Agreement, the Named Plaintiff N.R., by and through his parents, T.R. and S.R., proposes that the Court certify a settlement class pursuant to FRCP 23(b)(1) as follows:

> All individuals who:
>
> > (1) were participants or beneficiaries under the Raytheon Health Benefits Plan at any time during the Settlement Class Period;
> >
> > (2) who have incurred any out-of-pocket expense for "Speech, Habilitative and/or Non-Restorative Therapy Services" to treat a "Qualified Mental Health Condition" (excluding expenses related to co-payments and deductibles);
> >
> > (3) while they were eligible for benefits under the Plan;
> >
> > (4) that was not covered by other health insurance and has not been paid or reimbursed by another payor, insurer, entity, plan, or person other than the individual (or a family member of that individual).

See Dkt. No. 44-1, ¶1.6.1. The terms "Speech, Habilitative and/or Non-Restorative Therapy Services" and "Qualified Mental Health Condition" are defined in and have the same meaning as those terms appear in the Settlement Agreement. See id., ¶¶1.17, 1.21, Appendix A.

    3.    The Court first considers whether the proposed settlement class satisfies the four prerequisites of Rule 23(a). The Court then considers whether the requirements under Rule 23(b)(1) are met.

    4.    **Rule 23(a)(1) – Numerosity**. Based upon the model developed by Dr. Frank Fox, the parties estimate that at least approximately 300 individuals enrolled in the Plan who were diagnosed with a Qualified Mental Health Condition required speech therapy services to treat that condition during the time they were enrolled in the Plan. Hamburger Decl., ¶11. This satisfies numerosity, and the Court finds that joinder would be impracticable. See FRCP 23(a)(1).

    5.    **Rule 23(a)(2) – Commonality**. Rule 23(a)(2) requires that there be at least one question of law or fact common to the members of the class. *Rapuano v. Trs. of Dartmouth Coll.*, 334 F.R.D. 637, 648 (D. N.H., 2020). The core legal question that the named plaintiff and all class members sought in this case is: Does Defendants' Exclusion

of speech therapy services to treat non-restorative mental health conditions violate the federal Mental Health Parity Act? Commonality is met.

      6.    **Rule 23(a)(3) – Typicality.** Rule 23(a)(3) requires that the claims of the named plaintiff arise out of the same event or practice that gives rise to the claims of other class members and be based upon the same legal theory. *Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009). Named Plaintiff N.R., like all other class members, required coverage for his speech therapy to treat his ASD during the Class Period but could not receive such coverage due to defendants' Exclusion. Named Plaintiff N.R.'s claims are typical of that of the proposed class.

      7.    **Rule 23(a)(4) and Rule 23(g) – Adequacy of Representation.** Rule 23(a)(4) and 23(g) requires that both (1) counsel representing the class must be qualified and competent; and (2) the class representative must not have conflicting interests with unnamed class members. *See Cohen v. Brown Univ.*, 16 F.4th 935, 945 (1st Cir. 2021). The declarations from Named Plaintiff N.R.'s parents confirm that they are familiar with the duties and responsibilities of being a class representative and will continue to diligently look out for the interests of all class members. *See* T.R. and S.R. Declarations. The counsel who represent Named Plaintiff N.R. have established that they have far-reaching experience in ERISA class action litigation and will continue to provide vigorous representation of the proposed class. *See generally* Churchill Decl.; Hamburger Decl. The proposed class representative and class counsel are adequate.

      8.    **Rule 23(b)(1) Standard.** Rule 23(b)(1) allows a plaintiff to pursue a class action if Rule 23(a) is satisfied and if:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of:
>
>> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

3

> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests[.]

Subsection (A) of Rule 23(b)(1) considers possible prejudice to the defendants, while subsection (B) looks to possible prejudice to the putative class members. *In re Ikon*, 191 F.R.D. 457, 466 (E.D. Pa. 2000). ERISA class actions are typically certified under Rule 23(b)(1). *D.T. v. NECA/IBEW Family Med. Care Plan*, 2019 U.S. Dist. LEXIS 50683, at *23 (W.D. Wash. Mar. 26, 2019) ("ERISA requires that, where appropriate, plan provisions must be applied consistently with respect to similarly situated claimants" *citing* 29 C.F.R. § 2560.503-1(b)(5)). Thus, an adjudication of the rights of Named Plaintiff N.R. in this litigation would require defendants to act in a similar manner to all other proposed class members. This is the "quintessential (b)(1)(B) scenario." *Z.D. v. Group Health Cooperative*, 2012 U.S. Dist. LEXIS 76498, *17-18 (W.D. Wash., June 1, 2012).

If another court were to adjudicate this issue differently, it would impose on defendants an "inescapable legal quagmire of not being able to comply with one such judgment without violating the terms of another." *Id.* This is the scenario that (b)(1)(A) remedies. *Id.* Accordingly, the Court finds that the proposed class is certified under Rule 23(b)(1).

## II. ORDER

The Court certifies the following class:

All individuals who:

> (1) were participants or beneficiaries under the Raytheon Health Benefits Plan at any time during the Settlement Class Period;
>
> (2) who have incurred any out-of-pocket expense for "Speech, Habilitative and/or Non-Restorative Therapy Services" to treat a

"Qualified Mental Health Condition" (excluding expenses related to co-payments and deductibles);

(3) while they were eligible for benefits under the Plan;

(4) that was not covered by other health insurance and has not been paid or reimbursed by another payor, insurer, entity, plan, or person other than the individual (or a family member of that individual).

See Dkt. No. 44-1, ¶1.6.1. The terms "Speech, Habilitative and/or Non-Restorative Therapy Services" and "Qualified Mental Health Condition" are defined in and have the same meaning as those terms appear in the Settlement Agreement. See id., ¶¶1.17, 1.21, Appendix A.

The Court further appoints Named Plaintiff N.R., by and through his parents, T.R. and S.R. as class representative and Eleanor Hamburger of Sirianni Youtz Spoonemore Hamburger PLLC and Stephen Churchill of Fair Work, P.C. as class counsel.

It is so ORDERED this 30th day of August, 2022.

_____
RICHARD G. STEARNS
United States District Judge

Presented by:

FAIR WORK, P.C.

_s/ Stephen Churchill_
Stephen Churchill (BBO #564158)
192 South Street, Suite 450
Boston, MA 02111
Tel. (617) 607-3260
Fax (617) 448-2261
Email: steve@fairworklaw.com

5

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

   *s/ Eleanor Hamburger*
Eleanor Hamburger, *Admitted Pro Hac Vice*
Richard E. Spoonemore, *Admitted Pro Hac Vice*
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303
Email: ehamburger@sylaw.com
Email: rspoonemore@sylaw.com

Attorneys for Plaintiff and Proposed Class