UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| N.R., by and through his parents and guardians, S.R. and T.R., individually and on behalf of all others similarly situated, and derivatively on behalf of the Raytheon Health Benefits Plan,<br><br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY; RAYTHEON HEALTH BENEFITS PLAN; and WILLIAM M. BULL,<br><br>Defendants. | Civil Action No. 1:20-cv-10153-RGS |

**AMENDED ~~PROPOSED~~ ORDER: (1) FINALLY APPROVING SETTLEMENT AGREEMENT; (2) APPROVING DISBURSEMENTS PURSUANT TO SETTLEMENT AGREEMENT; (3) APPROVING PAYMENT OF ATTORNEY FEES, LITIGATION COSTS AND CASE CONTRIBUTION AWARD; (4) ESTABLISHING A LATE CLAIM DEADLINE; AND (5) ORDERING FINAL REPORT**

This matter came before the Court on a Fairness Hearing on January 27, 2023. During the Fairness hearing, the Court considered, among other things, Plaintiffs' Motion for Final Approval of the Settlement Agreement, etc., and Class Counsel's Motion for Attorney Fees, Litigation Costs and Case Contribution Award, Dkt. No. 55. Both motions are unopposed by Defendants.

Having considered the motion papers, the proposed Settlement Agreement which the Court preliminarily approved on September 21, 2022, the arguments of counsel and all files, records and proceedings in this action, and otherwise being fully informed in the premises as to the facts and the law, the Court now GRANTS the Plaintiff Class's Unopposed Motion for Final Approval of the Settlement Agreement, etc. and Class Counsel's Motion for Attorney Fees, Litigation Costs and Case Contribution Award, Dkt.

No. 55. In support of those decisions, the Court makes the following Findings and Conclusions:

## I. FINDINGS

1.  The parties reached a class-wide Settlement Agreement of this dispute. *See* Dkt. No. 44-1 (Agreement to Settle Claims). Under the terms of the Agreement, Defendants will provide both prospective and retrospective relief to Plaintiff and the settlement class. With respect to prospective relief, Defendants agree to continue to cover medically necessary speech therapy without application of the Exclusion through at least December 31, 2027.

2.  This Settlement Agreement also establishes a Settlement Fund of $640,000 that is funded by Defendants. Under the terms of the Settlement Agreement, this Fund will be used to pay retrospective claims for unreimbursed charges incurred during the class period for speech therapy services to treat qualified mental health conditions, class counsel's lodestar-based attorney fees up to a maximum of $150,000, actual litigation costs of $6,321.67, a case contribution award of $5,000, and the costs of claims administrations. If funds remain after these payments, then the residual funds will be returned to Defendants. The Settlement Agreement provides that the Claims Processor will receive and process claims, and it provides for an appeal process in the event of a dispute over whether a claim should be paid.

3.  On September 21, 2022, the Court entered an Order preliminarily approving the proposed Settlement Agreement finding that the Agreement was "fair, reasonable, and adequate" and that "the proposed Class Notice … meets the requirements of Federal Rule of Civil Procedure 23, due process, and the applicable law." Dkt. No. 51, ¶¶1–2. The Court further held that the Class Notice, Certification Form, Claim Form, and Claim Form Instructions … provide Class Members with a reasonable method to file claims. *Id.* The Court further appointed Settlement Services, Inc. ("SSI") as

Claims Processor with the powers and responsibilities set forth in Section 8 of the Agreement and laid out a series of procedures and deadlines for the parties to observe to safeguard class members' right to notice of the nature of the proposed Settlement Agreement, the opportunity and means of commenting on or objecting to the Settlement Agreement, the availability of reimbursement for speech therapy services for Qualified Mental Health conditions obtained during the class period, and the directions for submitting such claims. *Id.* The Court also scheduled a fairness hearing on the Plaintiff's Unopposed Motion for Final Approval of the Settlement Agreement, which was held at 2:00 p.m. EST on January 27, 2023.

4. Consistent with the Order, Defendants provided notices and materials required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). *See* Dkt. No. 57. No objections were received from any governmental entity notified pursuant to the CAFA notice within 90 days of mailing the notices.

5. Also consistent with the Order, Class Notices were mailed to 5,589 class members by first-class mail and emailed to 209 class members. Only two class notices were returned as undeliverable. *See* Dkt. No. 54.

6. Class counsel also established a settlement web page within thirty (30) days following the date of the Preliminary Approval Order. Dkt. No. 53, ¶2. The website contained the Class Notice, the Claim Form Materials, and key filings in the litigation, including Plaintiffs' Unopposed Motion for Approval of Attorney Fees, Litigation Costs and Case Contribution Awards. Dkt. No. 53, ¶2. The website is located at: www.sylaw.com/raytheonsettlement; it is also accessible by entering http://www.symslaw.com/raytheonsettlement. *Id.*

7. No class members objected to the Settlement Agreement. No class members submitted comments.

8. A total of 71 claims were received by the Claims Processor by January 6, 2023. The total value of these claims, before they are adjudicated by the Claims Processor

but after deducting 20% to account for co-payments and deductibles is approximately $315,604.66.

9.  As of January 26, 2023, a total of 7 late claims had been received by the Claims Processor. The total value of the late claims, before they are adjudicated by the Claims Processor, but after deducting 20% to account for co-payments and deductibles is approximately $38,444.93.

10. Accordingly, based upon consideration of both the timely and late-filed claims, the Claims Processor has concluded that all valid and approved claims submitted by no later than January 26, 2023 may be paid in full, according to the Settlement Agreement.

## II. CONCLUSIONS

11. Rule 23(e) provides that "a class action shall not be dismissed or compromised without the approval of the court...." Compromise of class action litigation is encouraged and favored by public policy. *In re Lupron(R) Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 93 (D. Mass. 2005).

12. A presumption of fairness and adequacy attaches to a class action settlement reached in arm's-length negotiations by experienced class counsel after meaningful discovery. *See, e.g., Officers for Justice v. Civil Service Com.*, 688 F.2d 615, 625 (9th Cir. 1982).

13. Generally, the Court must balance the advantages and disadvantages of the proposed settlement against the risks and possible outcomes of proceeding to trial. *Robinson v. Nat'l Student Clearinghouse*, 14 F.4th 56, 59 (1st Cir. 2021).

14. The following factors are generally considered when determining whether a settlement is fair, adequate, and reasonable:

> (1)the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5)

the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Lupron*, 228 F.R.D. at 94.

15.  Based upon these factors, the Court finds that the Settlement Agreement is fair, reasonable, and in the best interests of the class. The requirement of Fed. R. Civ. P. 23(e) and due process have been satisfied.

16.  Specifically, the Court concludes that the Settlement Agreement was the result of arm's-length bargaining. It was reached after sufficient discovery and other litigation activity. Although the class contends that it had a strong likelihood of success, the key legal issues in the case had not been adjudicated, such that there was risk in proceeding with the litigation. A settlement in which class members will be able to continue to obtain coverage of medically necessary speech therapy services in the future, and reimbursement for their previously speech therapy services, subject to co-payments and deductibles, achieves the goals of the litigation. There is no evidence of collusion between the parties, and the Settlement Agreement was reached in good faith.

17.  The class was provided with adequate notice, and due process has been satisfied in connection with the distribution of the notice. As noted above, there were no objections to the proposed Settlement Agreement received by the Court or any of the parties.

### III. PAYMENTS TO CLASS MEMBERS

18.  Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, the Court authorizes the payment of valid and approved class member claims processed by the Claims Processor. The Court authorizes the disbursement of these funds from the Settlement Amount. Class members must negotiate their checks within 90 days of issuance. The Claims Processor is ordered to extend this

5

deadline on request from a class member and is ordered to issue replacement checks for lost checks without further approval of the Court or additional cost to the class member. In addition, upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, the Court authorizes the payment of the amount listed in the Settlement Agreement to the parents of the Named Plaintiffs, reflecting the documented amount of unreimbursed speech therapy services to treat N.R.'s ASD incurred by the Named Plaintiff. The Court authorizes the disbursement of these funds from the Qualified Settlement Fund.

### IV. PAYMENT FOR CLAIMS PROCESSING

19. Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, the Court authorizes the payment of claims administration costs/fees from the Settlement Fund to the Claims Processor, SSI. Additional costs related to claims administration and arbitration costs may be paid out of the Settlement Fund as they become due, as necessary. Class counsel shall document and submit those invoices and payments in connection with class counsel's final report, described below.

### V. ATTORNEY FEES, LITIGATION COSTS AND CASE CONTRIBUTION AWARD

20. Class counsel is entitled to payment of attorney fees pursuant to ERISA's fee-shifting statute and the Settlement Agreement, subject to this Court's approval. As permitted by the Settlement Agreement, class counsel has sought an award of $150,000 in attorney fees and provided evidence supporting the reasonableness of their rates and the activities for which they billed time in this matter. Dkt. No. 55.

21. Class counsel is also entitled to payment of litigation costs, subject to Court approval. As permitted by the Settlement Agreement, class counsel sought reimbursement of litigation costs totaling $6,321.67.

22. Class counsel also moved for payment of a case contribution award to Plaintiff N.R., by and through his parents, of $5,000. This request is specifically authorized under the Settlement Agreement, subject to court approval.

23. No objections were received to class counsel's request for payment of attorney fees, litigation costs, or the case contribution award to Plaintiff N.R.

24. The Court concludes that an award of $150,000 attorney fees, actual litigation costs of $6,321.67 and a case contribution award to N.R. of $5,000 are reasonable and grants class counsel's Motion. *See* Dkt. No. 55.

25. Upon the occurrence of the conditions set forth in Section 2 of the Settlement Agreement, Claims Processor is authorized to distribute $150,000 attorney fees and $6,321.67 litigation costs from the Settlement Fund to class counsel and Plaintiff N.R., by and through his parents S.R. and T.R. is awarded a single case contribution award of $5,000, as described in the Settlement Agreement. The Court authorizes the disbursement of these funds from the Settlement Fund.

## VI. ESTABLISHMENT OF LATE CLAIM DEADLINE

26. Late claims (claims received by the Claims Administrator after January 6, 2023 through January 26, 2023) have been submitted to the Claims Administrator through January 26, 2023.

27. The Plaintiff Class proposes that late claims should be accepted and processed by the Claims Administrator through January 26, 2023, inclusive, as if they were timely filed. Defendants do not oppose the establishment of a late claim deadline through January 26, 2023.

28. Accordingly, the Court orders the Claims Processor to process all late claims received through January 26, 2023, inclusive, as if they were timely received. All other requirements of the Settlement Agreement apply to late-filed claims.

## VII. CLASS COUNSEL'S FINAL REPORT, DISMISSAL, AND REVERSION TO DEFENDANTS

29.     Class counsel shall submit a final report to the Court regarding claims processing and disbursement of funds from the Settlement Fund by no later than 30 days after the Claims Processor processes all valid claims, including any late claims authorized for payment by the Court. The report shall detail the payment of court-awarded attorney fees, costs, expenses, case contribution awards, costs of notice/administration, payment of class member claims, and an agreed-upon "holdback amount" necessary to complete the activities of and close the Settlement Fund. At the same time, class counsel shall file a proposed Order of Dismissal.

30.     All remaining funds, if any, in the Qualified Settlement Fund shall be returned to Defendants within 60 days of the entry of the Order of Dismissal, and consistent with the requirements of the Settlement Agreement. Any part of the "holdback amount" remaining after payment of all expenses and other liabilities of the Qualified Settlement Fund shall be returned to Defendants upon closure of the Qualified Settlement Fund.

## VIII. ORDER

It is hereby ORDERED that:

1.      The Settlement Agreement is approved as fair, reasonable, and adequate under Fed. R. Civ. P. 23, and its terms shall bind class members.

2.      Class counsel is awarded attorney fees, litigation costs, and reimbursement of costs of notice and administration, as set forth above. These amounts are authorized to be paid to class counsel from the Qualified Settlement Fund by the Claims Processor.

3.      The Claims Processor is also authorized to distribute checks to class members and the Named Plaintiff in accordance with the Settlement Agreement and this Order, as approved by the Claims Processor or on appeal. These amounts are authorized to be paid from the Qualified Settlement Fund.

4.     Case contribution award of $5,000 to the Named Plaintiff N.R., by and through his parents, totaling $5,000, as set forth in the Settlement Agreement is approved, and the Claims Processor is authorized to distribute that sum from the Qualified Settlement Fund.

5.     The Claims Processor is authorized to pay the continuing costs of claims administration and class notice from the Qualified Settlement Fund, subject to the review and approval by the parties' counsel. Class counsel shall document such payments to the Court in a final report submitted at the conclusion of this matter.

6.     Class counsel is ordered to submit a final report in accordance with the Settlement Agreement and this Order.

7.     The Claims Processor is authorized to accept late claims (claims submitted after January 6, 2023 through January 26, 2023 inclusive) from class members.

8.     The Claims Processor is authorized to distribute to Defendants any funds remaining after the payment of court-awarded attorney fees, costs, expenses, case contribution awards, costs of notice/administration, payment of class member claims, taxes, and an agreed-upon "holdback amount" necessary to complete the activities of and close the Qualified Settlement Fund. When the Qualified Settlement Fund is closed, the Claims Processor is authorized to distribute any remaining funds to Defendants.

9.     The Court shall retain jurisdiction over this matter until the Qualified Settlement Fund is closed and an Order of Dismissal is entered.

It is so ORDERED this 27th day of January, 2023.

/s/ Richard B. Stearns
RICHARD G. STEARNS
United States District Judge